UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAVON GODFREY,<br>        Plaintiff,<br>    v.<br>OAKLAND POLICE DEPARTMENT,<br>        Defendant. | Case No. 17-cv-06560-KAW<br><br>**ORDER GRANTING MOTION TO DISMISS**<br>Re: Dkt. No. 7 |

On November 13, 2017, Plaintiff Lavon Godfrey filed this suit against Defendant Oakland Police Department, asserting a 42 U.S.C. § 1983 claim. (Compl., Dkt. No. 1.) On February 26, 2018, Defendant filed the instant motion to dismiss. (Def.'s Mot. to Dismiss, Dkt. No. 7.) The Court deems the matter suitable for disposition without hearing pursuant to Civil Local Rule 7-1(b), and VACATES the April 5, 2018 hearing. Upon consideration of the parties' filings, and for the reasons stated below, the Court GRANTS Defendant's motion to dismiss.

## I. BACKGROUND

On December 14, 2016, Plaintiff obtained a temporary restraining order ("TRO") against her sister, Laqutia Perry. (Compl. at 4.) On December 30, 2016, Ms. Perry came to Plaintiff's home in violation of the TRO. (Compl. at 3-4.) After Ms. Perry attacked Plaintiff, Plaintiff called 911 for assistance. (Compl. at 4.) When the officers arrived, Plaintiff attempted to explain what happened. Several of the responding officers had previously responded to Plaintiff's calls for assistance with respect to Ms. Perry.

Plaintiff alleges that she heard an unidentified officer state, "We came here so many times, someone is going to jail tonight." (Compl. at 4.) Plaintiff was then arrested. Plaintiff tried to tell the officers about the TRO, and asked that Ms. Perry be placed under arrest for violating the TRO.

Plaintiff then suffered a panic attack and was taken to Highland Hospital. There, Plaintiff spoke with Sergeant Patrick Gonzales. Plaintiff again explained that she had a TRO against Ms. Perry, and that she was not the aggressor in the situation. Plaintiff also explained that she was the sole caretaker for her mother, who had to be left at home unattended when Plaintiff was arrested. Sergeant Gonzales spoke to the responding officers, and then gave Plaintiff a citation for assault with a deadly weapon.

Plaintiff was later denied a permanent restraining order against Ms. Perry due to her arrest and assault charge. (Compl. at 4.) She was also billed $2,147.24 for emergency transport.

Based on this incident, Plaintiff filed the instant complaint, asserting a single claim under 42 U.S.C. § 1983 against the Oakland Police Department. (Compl. at 5.) No claims are alleged against individual officers. Plaintiff's claim is based on "assault, battery, false imprisonment, negligence, negligent hiring, and intentional infliction of emotional distress, and negligent infliction of emotional distress," which was caused by the "conduct of individual employees, agents, and/or servants of" Defendant.

On February 26, 2018, Defendant filed a motion to dismiss Plaintiff's claim for failure to state a claim. (Def.'s Mot. to Dismiss at 2.) On March 12, 2018, Plaintiff filed her opposition. (Plf.'s Opp'n, Dkt. No. 12.) On March 19, 2018, Defendant filed its reply. (Def.'s Reply, Dkt. No. 14.)

## II. LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a party may file a motion to dismiss based on the failure to state a claim upon which relief may be granted. A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the claims asserted in the complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001).

In considering such a motion, a court must "accept as true all of the factual allegations contained in the complaint," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (citation omitted), and may dismiss the case or a claim "only where there is no cognizable legal theory" or there is an absence of "sufficient factual matter to state a facially plausible claim to relief." *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010) (citing

*Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009); *Navarro*, 250 F.3d at 732) (internal quotation marks omitted).

A claim is plausible on its face when a plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citation omitted). In other words, the facts alleged must demonstrate "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

"Threadbare recitals of the elements of a cause of action" and "conclusory statements" are inadequate. *Iqbal*, 556 U.S. at 678; *see also Epstein v. Wash. Energy Co.*, 83 F.3d 1136, 1140 (9th Cir. 1996) ("[C]onclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss for failure to state a claim."). "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully . . . When a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557) (internal citations omitted).

Generally, if the court grants a motion to dismiss, it should grant leave to amend even if no request to amend is made "unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (citations omitted).

### III. DISCUSSION

Defendant argues that Plaintiff's § 1983 claim should be dismissed because Plaintiff fails to identify an official policy or custom, and because negligence and intentional tort claims are not enforceable under § 1983. (Def.'s Mot. to Dismiss at 4-5.) The Court agrees.

In general, local governments are "persons" subject to liability under 42 U.S.C. § 1983 where official policy or custom causes a constitutional tort, *see Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 (1978); however, a city or county may not be held vicariously liable for the unconstitutional acts of its employees under the theory of respondeat superior. *See Bd. of Cty. Comm'rs of Bryan Cty. v. Brown*, 520 U.S. 397, 403 (1997); *Monell*, 436 U.S. at 691; *Fuller v.*

3

*City of Oakland*, 47 F.3d 1522, 1534 (9th Cir. 1995). Thus, to impose municipal liability under § 1983 for a violation of constitutional rights, a plaintiff must show: (1) that the plaintiff possessed a constitutional right of which he or she was deprived; (2) that the municipality had a policy; (3) that this policy amounts to deliberate indifference to the plaintiff's constitutional rights; and (4) that the policy is the moving force behind the constitutional violation. *See Plumeau v. Sch. Dist. #40 Cty. of Yamhill*, 130 F.3d 432, 438 (9th Cir. 1997).

Here, Plaintiff is suing a municipality under § 1983; thus, she must "identify a municipal 'policy' or 'custom' that caused the plaintiff's injury." *Bd. of Cty. Comm'rs of Bryan Cty.*, 520 U.S. at 403. Plaintiff does not do so. In her opposition, Plaintiff asserts that her *Monell* claim is based on her having a restraining order against Ms. Perry, which the responding officers ignored. (Plf.'s Opp'n at 3.) Plaintiff does not, however, allege that Defendant has a policy or custom of ignoring restraining orders. Because Plaintiff has failed to identify a policy or custom, or allege adequate facts in support of a policy or custom, Plaintiff's § 1983 claim fails.

Additionally, Plaintiff's § 1983 claim fails to the extent it is based on state tort or negligence claims. "Section 1983 imposes liability for violations of rights protected by the Constitution, not for violations of duties of care arising out of tort law. Remedy for the latter type of injury must be sought in state court under traditional tort-law principles." *Baker v. McCollan*, 443 U.S. 137, 146 (1979). Likewise, "negligence cannot form the basis of a section 1983 claim." *Moten v. Renwich*, 54 Fed. Appx. 658, 658 (2003) (citing *Baker*, 443 U.S. at 146). Here, Plaintiff's § 1983 claims are based on "State statutory violations, which might include but are not limited to assault, battery, false imprisonment, negligence, negligent hiring, and intentional infliction of emotional distress, and negligent infliction of emotional distress." The state law tort claims cannot form the basis for Plaintiff's § 1983 claim. *See Moten*, 54 Fed. Appx. at 658 (affirming dismissal of § 1983 claim based on negligence); *Smith v. Cal. Dep't of Corr. & Rehab.*, No. ED CV 15-666-JAK (DFM), 2015 WL 4092620, at *3 (E.D. Cal. July 6, 2015) ("False imprisonment and infliction of emotional distress are state law tort claims. Plaintiff's state-law claims do not fall under § 1983, but under the California Tort Claims Act").

## IV. CONCLUSION

For the reasons stated above, the Court GRANTS Defendant's motion to dismiss. Plaintiff is, however, given leave to amend the complaint. The amended complaint must, at the least, identify the constitutional rights that Plaintiff asserts were violated, as well as the specific policy or custom that resulted in the constitutional violation. Plaintiff shall file an amended complaint on or before **April 30, 2018**. Failure to timely file an amended complaint that complies with this order may result in the dismissal of this action.

Plaintiff is advised that the amended complaint will supersede or replace all previous complaints and those complaints will be treated as nonexistent. *Armstrong v. Davis*, 275 F.3d 849, 878 n.40 (9th Cir. 2001), *abrogated on other grounds by Johnson v. California*, 543 U.S. 499 (2005). The amended complaint must therefore be complete in itself without reference to the prior or superseded pleading, as "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987) (internal citations omitted).

In amending her complaint, Plaintiff is advised to contact the Federal Pro Bono Project's Help Desk—a free service for pro se litigants—to make an appointment by calling (415) 782-8982. She should bring a copy of this order and her complaint to the appointment. Plaintiff may also wish to consult a manual the court has adopted to assist pro se litigants in presenting their case. This manual, and other free information for pro se litigants, is available online at: http://cand.uscourts.gov/proselitigants .

IT IS SO ORDERED.

Dated: March 29, 2018

_____
KANDIS A. WESTMORE
United States Magistrate Judge