UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAVON GODFREY,<br>　　　　Plaintiff,<br>　　v.<br>OAKLAND POLICE DEPARTMENT,<br>　　　　Defendant. | Case No. 17-cv-06560-KAW<br><br>**ORDER DENYING STIPULATION SELECTING ADR PROCESS; DISMISSING CASE** |

On November 13, 2017, Plaintiff Lavon Godfrey filed this suit against Defendant Oakland Police Department, asserting a 42 U.S.C. § 1983 claim. (Compl., Dkt. No. 1.) On February 26, 2018, Defendant filed a motion to dismiss, on the ground that Plaintiff failed to identify an official policy or custom to support a *Monell* claim, and because negligence and intentional tort claims are not enforceable under § 1983. (Dkt. No. 7.) On March 29, 2018, the Court granted Defendant's motion to dismiss, finding that Plaintiff had failed to identify a policy or custom, or to allege adequate facts in support of any such policy or custom. (Dkt. No. 18 at 4.) The Court also found that Plaintiff's § 1983 claim failed to the extent it was based on state tort or negligence claims. (*Id.*) The Court gave Plaintiff leave to amend her complaint, and required that any amended complaint be filed by April 30, 2018. (*Id.* at 5.) The Court warned that "[f]ailure to timely file an amended complaint that complies with this order may result in the dismissal of this action."

Plaintiff did not file her amended complaint. On May 9, 2018, the Court issued an order to show cause, ordering Plaintiff to: "1) file an amended complaint that corrects the deficiencies identified by the Court's March 29, 2018 order, and 2) respond to this order to show cause by explaining why she did not file a timely amended complaint." (Dkt. No. 20 at 1.) Plaintiff's response was due by May 29, 2018. The Court warned that failure to complete both tasks would

1 | result in the Court dismissing Plaintiff's complaint without prejudice for failure to prosecute.

2 | On May 25, 2018, Plaintiff signed a stipulation selecting an ADR process. (Dkt. No. 21.) Plaintiff, however, did not file an amended complaint or respond to the May 9, 2018 order to show cause. On June 14, 2018, the Court issued a second order to show cause, ordering Plaintiff to: "1) file an amended complaint that corrects the deficiencies identified by the Court's March 29, 2018 order, and 2) respond to this order to show cause by explaining why she did not file a timely amended complaint and response to the May 9, 2018 order to show cause." (Dkt. No. 24 at 2.) Plaintiff's response was due by July 3, 2018. The Court again warned that failure to complete both tasks would result in the Court dismissing Plaintiff's complaint without prejudice for failure to prosecute.

As of the date of this order, Plaintiff has not filed an amended complaint or responded to the orders to show cause. Federal Rule of Civil Procedure 41(b) permits the involuntary dismissal of an action or claim for a plaintiff's failure to prosecute. *See Link v. Wabash R. Co.*, 370 U.S. 626, 630-31 (1962) ("authority of a court to dismiss sua sponte for lack of prosecution has generally been considered an 'inherent power'"). Unless otherwise stated, a dismissal under Rule 41(b) "operates as an adjudication on the merits." Fed. R. Civ. P. 41(b).

Here, Plaintiff has failed to file her amended complaint, which was originally due on April 30, 2018, despite repeated warnings that her case would be dismissed. Accordingly, the Court DENIES the ADR stipulation as moot and DISMISSES Plaintiff's case without prejudice for failure to prosecute.

IT IS SO ORDERED.

Dated: July 12, 2018

_____
KANDIS A. WESTMORE
United States Magistrate Judge